IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

UNITED STATES OF AMERICA,                         CR-16-03-GF-BMM

           Plaintiff,

    vs.                                              **FINDINGS AND
RECOMMENDATIONS TO
REVOKE DEFENDANT'S
SUPERVISED RELEASE**

HARLAN JEROME DEAN MAD
PLUME,

           Defendant.

## I.  Synopsis

The United States accused Mr. Mad Plume of violating his conditions of

supervised release by being removed from his required sixty-day impatient

substance abuse treatment program after he exhibited defiant and resistant behavior

on February 21, 2018.  Mr. Mad Plume admitted to the violations.  His supervised

release should be revoked, and he should be incarcerated for nine months, with

twelve months of supervised release to follow.

## II.  Status

On September 15, 2016, United States District Judge Brian Morris sentenced

Mr. Mad Plume to six months in custody, with thirty-six months of supervised

release to follow, after he pleaded guilty to Assault Resulting in Serious Bodily

Injury.  (Doc. 59).  Mr. Mad Plume began his term of supervised release on November 22, 2016.

On January 31, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Mad Plum's supervised release, alleging Mr. Mad Plume had violated his conditions of supervised release by absconding from the Great Falls Transition Center.  (Doc. 64).  Mr. Mad Plume's supervised release was revoked and he was sentenced to time served, and he was further ordered to attend treatment at Crystal Creek Lodge Treatment Center in Browning, Montana.  Mr. Mad Plume began his current term of supervised release on June 20, 2017.

On September 18, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Mad Plume's supervised release for his consumption of alcohol, failing to notify the probation office of law enforcement contact, failure to attend chemical dependency treatment, and committing a new crime. (Doc. 79).  Mr. Mad Plume was sentenced to custody until February 5, 2018, at which time he was to complete sixty-day inpatient treatment at Connections Corrections, with twenty-five months of supervised release to follow.

**Petition**

On February 21, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Mad Plume's supervised release.  (Doc. 90).  The

petition alleges that on February 21, 2018, Supervising United States Probation

Officer Kevin Heffernan received a report from the Licensed Addictions Counselor

at Connections Corrections, which stated that Mr. Mad Plume had exhibited

defiant and resistant behavior, had sworn at other clients and had been aggressive

toward them, and after being placed in a holding cell for his safety and the safety

of others, he began to act out by destroying his pillow, throwing toilet paper

everywhere, and staying up all night screaming.  (*Id.*)  Based on the petition, Judge

Morris issued a warrant for Mr. Mad Plume's arrest.  (Doc. 91).

### Initial appearance

On February 27, 2018, Mr. Mad Plume appeared before the undersigned in

Great Falls, Montana, for an initial appearance.  Federal Defender Bill Levine

accompanied him at the initial appearance.  Assistant United States Attorney Jared

Cobell represented the United States.  Mr. Mad Plume said he had read the petition

and understood the allegations.  He waived the preliminary hearing, and the parties

consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

At the revocation hearing, Mr. Mad Plume admitted that he violated the

condition of his supervised release.  The violation is serious and warrants

revocation of his supervised release.

Mr. Mad Plume's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for twenty-five months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Levine requested a low guideline sentence, acknowledging that this was his third revocation.  Mr. Mad Plume addressed the Court and stated he recognized he needed treatment and was sorry he did not complete it.  Mr. Cobell recommended a guideline sentence followed by supervised release, arguing that his revocations have been for extremely dangerous activities.

### III.   Analysis

Mr. Mad Plume's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to nine months in custody, with twelve months of supervised release to follow.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.   Conclusion

Mr. Mad Plume was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings

and Recommendations within 14 days of their issuance.  The undersigned

explained that Judge Morris would consider Mr. Mad Plume's objection, if it is

filed within the allotted time, before making a final determination on whether to

revoke Mr. Mad Plume's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Harlan Jerome Dean Mad Plume violated the conditions of his
> supervised release by being removed from his required sixty-day
> impatient substance abuse treatment program after he exhibited
> defiant and resistant behavior on February 21, 2018.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment,
> revoking Mr. Mad Plume's supervised release and
> committing him to the custody of the United States
> Bureau of Prisons for nine months, with twelve months
> of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 6th day of March, 2018.


John Johnston
United States Magistrate Judge