FILED

July 02, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HARLAN JEROME DEAN MAD PLUME,<br><br>Defendant. | CR 16-03-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Harlan Jerome Dean Mad Plume (Mad Plume) has been accused of violating the conditions of his supervised release by committing three separate crimes. Mad Plume admitted alleged Violations 2 and 3. Made Plume did not admit alleged Violation 1. The government did not attempt to prove alleged Violation 1. Mad Plume's supervised release should be revoked. Mad Plume should be placed in custody for 9 months, with no supervised release to follow. Mad Plume should receive credit for time served from December 19, 2018.

## II. Status

Mad Plume pleaded guilty to Assault Resulting in Serious Bodily Injury on

April 4, 2016. (Doc. 30). The Court sentenced Mad Plume to 6 months of custody, followed by 3 years of supervised release. (Doc. 59). Mad Plume's current term of supervised release began on November 23, 2018. (Doc. 102 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Mad Plume's supervised release on June 18, 2019. (Doc. 102). The Petition alleged that Mad Plume had violated the conditions of his supervised release by committing three separate crimes. United States District Brian M. Morris issued a warrant for Mad Plume's arrest on June 25, 2019. (Doc. 105).

**Initial appearance**

Mad Plume appeared before the undersigned for his initial appearance on July 1, 2019. (Doc. 106). Mad Plume was represented by counsel. Mad Plume stated that he had read the petition and that he understood the allegations. Mad Plume waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 1, 2019. Mad Plume admitted alleged Violations 2 and 3. The violations are serious and warrant revocation of Mad Plume's supervised release.

Mad Plume's violations are Grade B violations. Mad Plume's criminal history category is I. Mad Plume's underlying offense is a Class C felony. Mad Plume could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 12 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Mad Plume's supervised release should be revoked. Mad Plume should be incarcerated for 9 months, with no supervised release to follow. Mad Plume should receive credit for time served from December 19, 2018. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Mad Plume that the above sentence would be recommended to Judge Morris. The Court also informed Mad Plume of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Mad Plume that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Mad Plume stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Harlan Jerome Dean Mad Plume violated the conditions of his supervised release by committing two crimes.

The Court **RECOMMENDS:**

That the District Court revoke Mad Plume's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 9 months, with no supervised release to follow. Mad Plume should receive credit for time served from December 19, 2018.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 2nd day of July, 2019.

John Johnston
United States Magistrate Judge